IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 1:11 CV 591 |
| ) | |
| MOIRA DONOVAN DBA ) | JUDGE DONALD C. NUGENT |
| ACCENTS OF ARTISTRY ) | |
| ) | Bankruptcy Case No. 10-20277-aih |
| Debtor. ) | |
| _____ ) | |
| ) | |
| BAC HOME LOANS SERVICING, L.P., ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Appellant. ) | |
| v. ) | |
| ) | |
| DANIEL M. McDERMOTT, ) | |
| United States Trustee for Region 9 ) | |
| ) | |
| Appellee. ) | |

This matter is before the Court on BAC Home Loans Servicing, L.P.'s ("BAC") Motion for Leave to Appeal. (ECF #1). For the reasons that follow, BAC's Motion for to Leave to Appeal is DENIED.

**FACTUAL BACKGROUND**

Appellant BAC filed a Proof of Claim for the mortgage on the residence of the debtor in the captioned bankruptcy action. The Proof of Claim was in the amount of $31,400, including foreclosure costs of $1,908.00, which were further broken down to $575 for a filing fee, $783 for Title Fees, $150 for Court costs, and $400 for Service costs. The United States Trustee filed a Motion for Examination of BAC, and Order Authorizing Issuance of a Subpoena Duces Tecum compelling production of documents pursuant to Bankruptcy Rule 2004. BAC failed to file a

response to the Trustee's Motion for Examination and the Bankruptcy Court granted the Motion and issued the subpoena duces tecum on BAC.  Thereafter, BAC filed a Motion to Quash the Subpoena asserting that the subpoena demanded the appearance of a witness in Cleveland, Ohio in violation of Fed. R. Civ. P. 45(c)(3)(A), and protesting the overall burdensomeness and timing of the examination and document production, among other things.  After the Trustee filed a Response and BAC filed a Reply, the Bankruptcy Court issued an Order granting the Motion to Quash as it pertains to Rule 45(c)(3)(A)(ii) and requiring a witness to travel to Cleveland, Ohio, and ordering that the subpoena shall be modified to reflect a mutually agreeable time and location.  The Motion to Quash was denied in all other respects.

BAC seeks to appeal the Bankruptcy Court's Order granting in part and denying in part its Motion to Quash as a final order from which it may appeal as a matter of right pursuant to 28 U.S.C. § 158(a)(1).  In the alternative, BAC moves for Leave to Appeal pursuant to 28 U.S.C. § 158(a)(3), should this Court determine that the Bankruptcy Court's discovery Order is interlocutory. The Trustee has filed an Opposition to BAC's Motion for Leave to Appeal and BAC has filed its Reply in support.  The motion is now fully briefed and ready for decision.

## DISCUSSION

After careful review of the rules, cases and authorities cited by the Parties in their pleadings it is clear that in general, discovery orders are interlocutory and not immediately appealable.  *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc*., 444 F.3d 462, 471 (6th Cir. 2006); *Kaiser Grp. Int'l*, 400 B.R. 140, 143 (D. Del. 2009) ("Generally, pretrial discovery decisions are not considered to be final decisions subject to immediate appeal, even under ["bankruptcy's] flexible approach to finality."); *Hoffenberg v. Cohen (In re Towers Fin.*

*Corp.,*), 164 B.R. 719, 720 (S.D.N.Y. 1994) ("Bankruptcy court orders granting or denying discovery do not finally dispose of an entire claim on which relief may be granted, and therefore are generally treated as interlocutory and not appealable as of right."). An Order denying a Motion to Quash a subpoena is a discovery order. *See generally Howell Corp. v. Innes*, 1989 WL 147244, *1 (6th Cir. Dec. 7, 1989); *In re Dental Profile, Inc*., No. 09 C 6160, 2010 WL 431590, at *2 (N.D. Ill. Feb. 1 2010) (Order granting leave to conduct a Rule 2004 examination is a discovery order). *In re Gray*, No. 11-10640 (E.D. Mich. March 15, 2011). In this case, the discovery order at issue does not finally dispose of a "discrete dispute" in bankruptcy, and thus is not a final, appealable order.

Moreover, the criteria for a discretionary interlocutory appeal have not been met. Interlocutory review "should be sparingly granted and then only in exceptional cases." *In re Wicheff*, 215 B.R. 839, 844 (6th Cir. B.A.P. 1998). As the Bankruptcy Rules do not set any standards for the consideration of interlocutory appeals, appellate courts reviewing decisions of bankruptcy courts have applied the standards found in 28 U.S.C. § 1292(b). *Id.* In order to obtain review of an interlocutory order, an appellant must show that (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Review of the filings in this action shows that the Bankruptcy Order at issue does not involve a controlling question of law as to which there is a substantial ground for difference of opinion**.** Further, immediate appeal from the Order will not materially advance the ultimate termination of the litigation.

**CONCLUSION**

For the reasons set forth above, BAC's Motion for Leave to Appeal (ECF #1) is DENIED and all other motions currently pending in this action are denied as moot. This action is TERMINATED.

IT IS SO ORDERED.

                                                   */s/Donald C. Nugent*  
                                                   DONALD C. NUGENT  
                                                   UNITED STATES DISTRICT JUDGE

DATED: __April 4, 2011__